DOROTHY CHRISTIE, Appellant, v. ST. JOSEPH'S COLLEGE FOR WOMEN, Respondent.— In an action to recover damages for personal injuries alleged to have been sustained by plaintiff when certain metal lockers, owned and maintained by defendant, fell and struck her, there was a trial before the court without a jury. The cause of the accident was unexplained, and defendant made proof that it was not through lack of care on its part. At the close of the entire case the complaint was dismissed on the merits on a finding in effect that defendant was not negligent (Civ. Prac. Act, § 440). Judgment unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

MARY E. COOK, Respondent, v. GLENN C. PETTIT, Appellant.— This action was brought to recover the aggregate amount of certain installment payments alleged to be due to respondent from appellant, upon an alleged oral contract, pleaded by amendment of the complaint at the trial, in pursuance of which appellant agreed to purchase from respondent certain preferred stock in the Rockville Centre Mortgage Corporation, for $3,500, payable in certain installments. Plaintiff recovered judgment which was entered upon the verdict of a jury, upon a submission of the case pending the determination of defendant's motion to dismiss the amended complaint and for a directed verdict. The trial court, after the verdict was rendered, denied that motion in each phase and also denied defendant's motion to set aside the verdict as rendered by the jury and for a new trial. Judgment and order of the County Court of Nassau county reversed on the law, without costs, and the complaint dismissed. Respondent entered into a written contract with Richmond-Smith Co., Inc., of which appellant and other individuals were directors, for the sale by respondent and the purchase by that corporation of such preferred stock for the sum of $3,500, payable in certain installments. These installments were paid by the corporation or on its behalf in the aggregate amount of $1,875, leaving $1,625 unpaid to the plaintiff. In her complaint, before the amendment at the trial, the respondent pleaded, in effect, that the corporation entered into the written contract as the agent of appellant and such other persons, directors of the Rockville Centre Mortgage Corporation. As matter the law, the proofs were wholly insufficient to establish the oral contract between respondent and appellant thus pleaded by amendment on the trial. Even on the plaintiff's original theory that the Richmond-Smith Co., Inc., was the agent of the defendant and the other individuals, directors thereof, the proofs were wholly insufficient to establish such agency. Respondent's only valid claim under the proof was against Richmond-Smith Co., Inc. Hagarty, Carswell, Johnston and Taylor, JJ., concur; Close, J., dissents and votes to affirm.